**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH BROWN, | |
| Petitioner, | Civil Action No. 12-7344 (CCC) |
| v. | **OPINION** |
| PAUL K. LAGANA, et al., | |
| Respondents. | |

**CECCHI, District Judge:**

Petitioner Joseph Brown ("Petitioner"), confined at Northern State Prison in Newark, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging a sentence imposed by the State of New Jersey. For the reasons stated below, the Court denies the Petition.

### I.   FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for aggravated manslaughter, felony murder, possession of a firearm without a permit, and possession of a firearm with the purpose of using it unlawfully against another, in June of 1996 after a jury trial. (ECF No. 10-1 at 2.) An appeal was filed challenging the conviction and sentence, and both were affirmed on August 15, 2000. *Id.* Certification was denied by the New Jersey Supreme Court on January 3, 2001. *Id.* at 3. Thereafter, Petitioner filed for post-conviction relief ("PCR") on April 17, 2001. *Id.* His PCR application was denied on May 22, 2003, *id.*, and affirmed on November 14, 2005. *Id.* at 2.

Certification was denied by the New Jersey Supreme Court on March 30, 2006. (ECF No. 10-2 at 2.)

Petitioner then filed a second PCR application on June 5, 2006. (ECF No. 10-3 at 18.) In denying Petitioner's second PCR application, the Law Division rejected the claims on the merits, as well as holding that the application was untimely under state court rules. (*See* ECF No. 9-7.) On appeal, the Appellate Division initially stayed the application pending a decision by the New Jersey Supreme Court on a co-defendant's separate PCR application, reasoning that the decision may affect Petitioner's own PCR application. (ECF No. 10-4 at 2.) After the New Jersey Supreme Court issued a decision on the co-defendant's PCR application, the Appellate Division reinstated Petitioner's second PCR application, but due to Petitioner's failure to respond to repeated orders to file a merits brief, the Appellate Division dismissed the petition for failure to prosecute. (ECF No. 10-8 at 6.)

Petitioner filed a petition for certification with the New Jersey Supreme Court, arguing that the Appellate Division erred in dismissing his second PCR application for failure to prosecute. *Id.* The New Jersey Supreme Court granted certification, and remanded the application back to the Appellate Division to consider the appeal on the merits. (ECF No. 10-9 at 2.) On remand, after Petitioner again ignored repeated orders to file a merits brief, the Appellate Division once more dismissed the application for failing to file a timely brief. (ECF No. 10-12 at 2.) This time, the New Jersey Supreme Court denied certification on April 9, 2012. (ECF No. 10-16 at 2.)

Subsequently, Petitioner filed the instant Petition, dated August 27, 2012, on November 29, 2012. (ECF No. 1.)

## II. DISCUSSION

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its

clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449 at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum; or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Respondents argue that the Petition is time-barred by AEDPA's statute of limitations. The Court agrees. For the purposes of AEDPA's statute of limitations, Petitioner's conviction and sentence became final 90 days after the New Jersey Supreme Court denied certification in his direct appeal on January 3, 2001, *i.e.* April 3, 2001. Petitioner filed his first PCR application on April 17, 2001, and the New Jersey Supreme Court eventually denied certification on March 3,

4

2006. The instant Petition, on the other hand, was dated August 27, 2012. Therefore, had Petitioner not filed his second PCR application, his statute of limitations to file a federal habeas petition would have expired long before the instant Petition was filed.

Of course, Petitioner did file a second PCR application, on June 5, 2006, not long after the denial of his first PCR application became final. Certification for that second PCR application was eventually denied on April 9, 2012, less than five months before the filing of the instant Petition. Consequently, if statutory tolling applied during the pendency of Petitioner's second PCR application, a review of the timeline suggests that the instant Petition would be timely under AEDPA.

However, Respondents argue that statutory tolling should not apply to the second PCR application. (ECF No. 7 at 30.) Respondents' argument is premised upon the state court's finding that the second PCR application was untimely filed. *Id.*; (*see* ECF No. 9-7 at 10-11.) Respondents' argument is consistent with relevant Supreme Court precedents, which held that an untimely filed state PCR application is not "properly filed" for the purposes of statutory tolling under AEDPA.[1] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form,

---

[1] The Court is mindful that the New Jersey Supreme Court had initially granted certification on Petitioner's second PCR application, and remanded back to the Appellate Division to address the application on the merits. However, that decision was only addressing Petitioner's argument that his second PCR application should not have been dismissed for failure to prosecute. (*See* ECF No. 10-8 at 6.) It did not disturb the Law Division's holding that the second PCR application was untimely. Indeed, when the Appellate Division dismissed the second PCR application once again for Petitioner's failure to file a timely brief, the New Jersey Supreme Court denied certification. Ultimately, neither the Appellate Division nor the New Jersey Supreme Court actually reviewed the holdings of the Law Division and, as such, that decision is the one this Court must review and must give deference to. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) ("To decide the present case, therefore, we begin by asking which is the last *explained* state-court judgment") (emphasis in the original); *Robinson v. Beard*, 762 F.3d 316, 324 (3d Cir. 2014) ("In considering whether [deference] applies, we review the 'last reasoned decision' of the state courts on petitioner's claims").

are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under [AEDPA]."); *Allen v. Siebert*, 552 U.S. 3, 5 (2007) ("[A] state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)"). Accordingly, since the state court had explicitly found that Petitioner's second PCR application was untimely, "*that would be the end of the matter*, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." *Pace*, 544 U.S. at 414 (quoting *Carey v. Stafford*, 536 U.S. 214, 226 (2002)) (emphasis in the original). As such, the Court finds that the instant Petition is statutorily time-barred under AEDPA, because Petitioner is not entitled to statutory tolling for his second PCR application. Furthermore, as Petitioner has not responded to Respondents' timeliness argument and therefore not offered any reasons for equitable tolling, the Court denies the Petition as untimely.[2]

### III.   CONCLUSION

For the reasons set forth above, the Petition is DENIED without prejudice as time-barred.

_____
**Claire C. Cecchi, U.S.D.J.**

Dated: Feby 1, 2017

---

[2] Even if Petitioner argues that equitable tolling, instead of statutory tolling, should apply for his second PCR application, that argument necessarily fails, because whatever mistaken belief Plaintiff may have had in choosing to pursue a second PCR application in state court instead of filing a federal habeas petition is not a valid ground for equitable tolling. *See Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009); *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010) ("[A] petitioner's lack of legal knowledge or miscalculation regarding the one-year filing period does not constitute an extraordinary circumstance triggering equitable tolling"); *Covert v. Tennis*, No. 06-421, 2008 WL 4861449, at *5 (M.D. Pa. Nov. 7, 2008) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").